## REYNOLDS v. LYON COUNTY, IOWA.

(Circuit Court, N. D. Iowa, W. D. November 1, 1899.)

1. JURISDICTION OF FEDERAL COURTS—TRANSFERRED CLAIMS—COUPONS FROM MUNICIPAL BONDS.

The jurisdiction of a federal court to hear and determine an action brought by a citizen of another state on coupons from county bonds, payable to bearer, and which were purchased by plaintiff after they were detached, is not affected by the fact that the bonds themselves are payable to persons who are citizens of the state of which defendant is a county.

2. LIMITATIONS—STATUTE GOVERNING—ACTION ON MUNICIPAL BONDS.

An action in a federal court on coupons from bonds issued by a municipality is governed, as to limitation, by the statute of the state, and in Iowa no recovery can be had on coupons maturing more than 10 years prior to the commencement of the action.

3. JURISDICTION OF FEDERAL COURTS—TRANSFEREE OF MUNICIPAL BONDS—INSTRUMENTS PAYABLE TO BEARER.

Municipal bonds payable to "———, or order," are, in effect, instruments payable to bearer, within the meaning of the judiciary act of 1888 (25 Stat. 434), and a transferee who is a citizen of another state, and to whom they were transferred in the same condition by delivery, may maintain an ac-

tion thereon in a federal court, without regard to the citizenship of the original holder.

. 4. MUNICIPAL BONDS—VALIDITY—LIMIT OF INDEBTEDNESS.

Bonds issued by a county in exchange for outstanding warrants, and which are not a part of a series in itself exceeding in amount the limit of the county's legal indebtedness, cannot be held invalid as having been issued in excess of such limit, unless it is shown that the warrants which they replaced were also invalid for the same reason.

This was an action on negotiable bonds and coupons issued by defendant county.

A jury having been waived in the above case, the evidence was submitted to the court, from which the court finds the facts to be as follows:

(1) The plaintiff, G. M. Reynolds, was, when this suit was brought, and is now, a citizen of the state of Illinois, and the defendant, Lyon county, was, when this suit was brought, and is now, a municipal corporation created under the laws of the state of Iowa, having been duly organized as a county in the year 1872.

(2) This action is brought to recover upon thirty-five interest coupons issued by the defendant county, each for the sum of $17.50, of which number five came due June 1, 1887, five on December 1, 1887, five on June 1, 1888, five on December 1, 1888, five on June 1, 1889, five on December 1, 1889, and five on June 1, 1890; these coupons, when issued, being attached to certain bonds dated June 1, 1880, which were payable to the order of Chase & Taylor, who were then, and are now, citizens of the state of Iowa; the coupons being payable to the holder thereof, and the same being now the property of the plaintiff, he having purchased the same for value after the same had been detached from the bonds to which they were originally attached. The action is also brought upon five negotiable bonds issued by the defendant county under date of March 1, 1885, one thereof—being No. 28—being for the sum of $100, and the other four being for the sum of $500 each, payable in 10 years, with interest coupons attached; these bonds being issued to refund outstanding county warrants, and being in fact exchanged for warrants of the defendant county owned by Miller & Thompson, who were then, and are now, citizens of the state of Iowa; the bonds being made payable to ——, or order. These bonds, upon their issuance, were sold by Miller & Thompson to E. F. Drake, a citizen of Minnesota, and are now owned by the plaintiff, who bought them for value, before maturity.

(3) The value of the taxable property in Lyon county for the year 1884, as shown by the last state and county tax lists, was the sum of $1,580,735, including the amount of exemptions under the tree-culture acts of the state of Iowa; or, if the exemptions be deducted, would be the sum of $1,437,527.

(4) That on March 1, 1885, there was outstanding against the county of the bonds previously issued the following:

Of the bonds issued in 1878 and 1879 ......................... $ 3,700
Of the bonds issued from January, 1880, to March 1, 1885 ....... 37,500
                                                                _____
                                                                $41,200

Also the issue of $100,000, dated July 1, 1879, known as the "Shade Bonds." This issue of bonds exceeded in amount the constitutional limit, and hence were not enforceable against the county, and therefore, when the bonds in suit were issued, to wit, March 1, 1885, the valid bond indebtedness of the county was the sum of ...... $41,200
At that date there were outstanding warrants to the amount of.. 29,466
                                                                _____
   Total valid indebtedness ................................... $70,666

(5) The proceeds realized from the sale of the Shade bonds were used to pay off $55,500 due upon judgment bonds issued by the county in 1872 and 1873, and $47,300 of funding bonds issued between October 19, 1874, and February 7, 1878. The Shade bonds were paid off from the proceeds of an issue of bonds for $120,000, dated May 1, 1885, sold by the county to different parties in the summer of 1885. After the sale of these bonds, the county repudiated liability

thereon, on the ground that the issue was in excess of the constitutional limit, and in the equity suit of Ætna Life Ins. Co. v. Lyon Co. (C. C.) 95 Fed. 325, tried before this court, it has been adjudged that the county can be held liable on this issue of bonds in the sum of $33,936.75, and no more.

J. M. Parsons, for plaintiff.

E. C. Roach, E. Y. Greenleaf, and Simon Fisher, for defendant.

SHIRAS, District Judge (after stating the facts). The first five counts in plaintiff's petition are based upon interest coupons which were issued by the defendant county in connection with bonds numbering 27 to 31, both inclusive, bearing date June 1, 1880, and payable to Chase & Taylor, or order, the coupons being in form payable to bearer. On behalf of the county it is contended that the court cannot take jurisdiction of these coupons, because the bonds from which they have been detached are payable to the order of Chase & Taylor, who are citizens of Iowa, it being urged in argument that this court ought not to hear and determine, in a suit upon the coupons, the question of the validity of the bonds, which, being payable to citizens of Iowa, or order, could not now be brought within the jurisdiction of this court. The jurisdiction of this court over an action based upon the bonds will be determined by the citizenship of Chase & Taylor when the action is brought, and this court cannot know whether they will continue to reside in Iowa or not. It may be that they may remove to another state, and thus jurisdiction in this court would exist over a suit to enforce payment of the bonds. But, aside from these considerations, even if it were true that this court might never be able to take jurisdiction of an action on the bonds, that fact does not defeat the jurisdiction over the suit to enforce payment of the coupons. The evidence shows that the coupons were detached from the bonds, and were purchased, for value, by the plaintiff; and they are as much separate claims against the county as though they had never been attached to the bonds with which they were originally issued. In order to maintain an action on the coupons, it is not necessary that the plaintiff should also be the owner of the bonds, and, being the owner of the coupons, he has the right to bring suit thereon in the federal court, because the coupons are payable to bearer, are executed by a corporation, and are owned by a citizen of a state other than Iowa.

The only other defense interposed to the coupons declared on in the first five counts of the petition is that based on the statute of limitation, and, under the ruling of the supreme court in Amy v. City of Dubuque, 98 U. S. 470, it must be held that the 10-years limitation provided for in the Code of Iowa as a bar to actions based upon written contracts is applicable to this case, and therefore no recovery can be had upon any of the coupons which matured more than 10 years before February 25, 1899, the date when the summons in this case was placed in the marshal's hands for service. In other words, the coupons maturing June 1 and December 1, 1887, and June 1 and December 1, 1888, are barred by the statute, and plaintiff is only entitled to recover on the coupons maturing June 1 and December 1, 1889, and June 1, 1890, which, with interest up to November 1, 1899, amount to the sum of $411.01.

The remaining four counts of the petition are based upon four bonds and coupons thereto attached bearing date March 1, 1885; one bond—No. 28—being for the sum of $100, and the other three—Nos. 32, 33, and 34—being for the sum of $500 each, and payable March 1, 1895. The evidence shows that these bonds were issued for the purpose of refunding outstanding warrants of the county, and were, in fact, exchanged for warrants held by the firm of Miller & Thompson. It is contended on behalf of the defendant that, as Miller & Thompson are citizens of Iowa, this court cannot entertain jurisdiction, in that the plaintiff is an assignee of the bonds holding under assignors who could not bring suit in this court. The bonds are not made payable to Miller & Thompson, but to ———, or order, and therefore, as was held by this court in Keene Five-Cent Sav. Bank v. Lyon Co. (C. C.) 90 Fed. 523, the bonds are, in effect, payable to bearer, and therefore come within the exception to the statute which confers jurisdiction over corporate obligations payable to bearer.

It is further pleaded as a defense that these bonds, when issued, were invalid and void, because the indebtedness of the county then exceeded the 5 per cent. limitation imposed by the constitution of Iowa upon the debt-creating power of the county. The evidence shows, as already stated, that these bonds were issued in exchange for outstanding warrants of the county, but the evidence does not show that the warrants were invalid; and, unless they were nonenforceable, the bonds exchanged therefor would be valid, and binding upon the county. The total issue of bonds of date of March 1, 1885, of which the four bonds in question formed part, amounted to the sum of $3,100, and these bonds are not, therefore, part of a series which in itself exceeded in amount the limitation of 5 per cent. upon the taxable property of the county; and under these circumstances the burden is upon the defendant to prove that the warrants for which the bonds were exchanged were themselves invalid and nonenforceable, because, if they were valid, the merging thereof into bonds of like amount would not increase the indebtedness of the county. The evidence adduced on behalf of the defendant county does not show that the debts evidenced by the warrants which were exchanged for the bonds sued on were invalid or nonenforceable, and hence the facts necessary to sustain this defense have not been proven. Furthermore, the evidence shows that the total valuation of the taxable property of the county at the date of the issuance of the bonds was $1,580,735, as shown by the last preceding state and county tax lists, and the county could incur an indebtedness to the amount of $79,036.75 without exceeding the constitutional limit. If the Shade bonds are excluded from computation in ascertaining the amount of the county indebtedness at the date of the issuance of the bonds in suit, the amount thereof was the sum of $70,666, and therefore the county had full authority to issue the bonds sued on without thereby reaching the limit of its debt-creating power.

In the several cases before this court based upon the bonds issued by the defendant county it has always been held that the issue of July 1, 1879, known as the "Shade Bonds," were invalid and nonenforceable, because the issue in itself was for an amount much beyond the constitutional limit, and therefore these bonds must be excluded

in computing the actual indebtedness of the county; and this view has been sustained by the court of appeals for this circuit in the case of Lyon Co. v. Ashuelot Nat. Bank, 30 C. C. A. 582, 87 Fed. 137. Under these circumstances the county had full authority to issue the bonds sued on without infringing on the constitutional restriction, and therefore, in any view that can be taken of the facts, it must be held that the defense relied on by the county has not been sustained by the evidence adduced, and the plaintiff is entitled to judgment on the bonds sued on and upon all the coupons save those which matured 10 years or more before this suit was brought, which the record shows was February 24, 1899; the total amount being the sum of $3,589.05, for which sum and costs judgment will be entered in favor of plaintiff.